[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action by the Asset Recovery Management Corporation to recover on a note made by the defendants to a bank. The parent company of the bank was declared insolvent and the FDIC was appointed receiver. The FDIC sold the loan represented by the note to the plaintiff Asset Recovery 
Management Corporation. The plaintiff has brought a motion for summary judgment to which the defendants have made objection.
It is difficult to understand fully the nature and extent of the defendants' objection to the motion. In a so-called "Defense of Complaint" there is an admission that the note was signed and that the plaintiff acquired it. Paragraph 5 of the "Defense" on the one hand seems to admit indebtedness and request that repayment be worked out and then alludes to a possible defense to the claim because of some type of agreement with the original note holder. The alleged defense besides not being articulated clearly is not supported by affidavits.
In any event a reading of D'oenche, Duhme Co. v. FDIC315 U.S. 447 (1942), Section 1823(e) of the Federal Deposit Insurance Act and the later case of Langley v. FDIC 484 U.S. 86
(1987) seem to preclude reliance on the defense the defendants might be raising which is based on an apparently unrecorded agreement not evidenced in the face of the note. To permit such defenses against FDIC claims in these situations would cripple FDIC activities in taking steps to deal with insolvent banks and permit the FDIC to be misled as to evaluation of the assets of such banks. As to liability then the defendant have not put any genuine factual issue in dispute and any legal defense they might be raising insofar as the court can CT Page 6419 ascertain does not seem legally supportable.
In an affidavit filed on the date of argument the defendant also seem to claim action on the note is precluded or unwarranted because of a credit the defendants claim is owed them for the fair market value of the security they put up for the note. The bank and its successors in interest have a right to proceed on the note.
In the same affidavit the defendants question the amount of the debt owed on the note and claim the plaintiff has no "personal knowledge" of the actual amount owed. The plaintiff's supervisor submitted an affidavit indicating it paid $28,130.00 for the account from the FDIC which in turn acquired the claim from the insolvent bank. To contradict this claim the defendant attached an amortization schedule which is accompanied by no documents, checks, or other canceled securities to support his broad claim that the defendants never made partial payments and that he doesn't owe $28,130 but perhaps $24,438.47 which is the last figure under the heading "balance" on this so-called amortization scheduled. The court can't ascertain whether this was prepared by the defendant, merely represented a payment schedule to indicate prospective payments to be made by the defendants, some kind of statement of current account owing or whatever. It is not signed off on by any bank official or in any way validated as a statement of monies actually owed and the defendants as indicated provide nothing to explain what the schedule represents or any proof of actual payments made.
Finally the affidavit states that the plaintiff calculates interest accrual on a 360 day year basis but is trying to charge the defendants interest by counting actual days elapsed on a 305 day year basis. The latter portion of this sentence is true the first portion is unsupported by anything the court can ascertain by the papers submitted.
The attorneys fees requested of 15% although they amount to slightly over $4000 on this $34,536.66 claim to not seem unreasonable. The lawyer has submitted a detailed list of hours actually spent and has indicated his usual hourly fee. The fee asked is over $1000 less than what this attorney would receive even using his lowest fee rate. An examination of the file indicates that this has not been the ordinary collection action and that the lawyer has spent much time and effort in CT Page 6420 advancing his client's interest.
The court grants the plaintiff's summary judgment motion for the principal sum due of $28,130, interest of $6406.66 and attorneys fees of $4219.50
Corradino, J.